**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SNYDER, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>THE CIGNA GROUP, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-01451-OAW<br><br><br><br><br><br>October 29, 2026 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION NO. 43**

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ... 1

II. BACKGROUND FACTS RELEVANT TO THE MOTION ... 2

III. PROCEDURAL HISTORY ... 5

IV. LEGAL STANDARD ... 11

V. ARGUMENT ... 12

A. Board Documents Responsive to Plaintiffs' Document Requests Are Relevant to the Claims and Defenses in This Action ... 12

B. Cigna's Search Was Unreasonable Because It Reached Only Formal Board Materials ... 14

C. Cigna Can Not Carry Its Burden of Establishing Burden or Disproportionality ... 16

VI. CONCLUSION ... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Au New Haven, LLC v. YKK Corp.*,
2023 WL 2612204 (S.D.N.Y. Mar. 23, 2023) ....16

*Lyondell-Citgo Refin., LP v. Petroleos De Venez., S.A.*,
2004 WL 2698218 (S.D.N.Y. Nov. 19, 2004) ....12, 15

*Lyondell-Citgo Refin., LP v. Petroleos De Venez., S.A.*,
2005 WL 356808 (S.D.N.Y. Feb. 15, 2005) ....12

*Marsteller v. Butterfield 8 Stamford LLC*,
2017 WL 5769903 (D. Conn. Nov. 27, 2017) ....12

*Moll v. Telesector Res. Grp., Inc.*,
760 F.3d 198 (2d Cir. 2014) ....15

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*,
325 F.R.D. 36 (E.D.N.Y. 2018) ....11, 17

*Ruran v. Beth El Temple of W. Hartford, Inc.*,
226 F.R.D. 165 (D. Conn. 2005) ....11, 12, 16

Plaintiffs Amy Snyder, Staci Foster Whitney, and Scott Schultz (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of their accompanying Motion to Compel Production of Documents in Response to Plaintiffs' Request for Production No. 43 ("Motion").

## I. PRELIMINARY STATEMENT

Plaintiffs are or were members of Cigna-offered or administered health benefit plans ("Plans") that promised coverage for medically necessary care. They challenge Cigna's use of a process called PXDX to deny claims as "not medically necessary" or "experimental, investigational, unproven" through automated billing-code matching, without reviewing medical records or evaluating patients' clinical circumstances. Plaintiffs allege that PXDX, while generating substantial financial benefits for Cigna, violated the Plans, the Employee Retirement Income Security Act ("ERISA"), and state law. The U.S. Department of Labor found [redacted]

Discovery has uncovered incontrovertible evidence that [redacted]. Produced documents show that [redacted]. Documents also show that [redacted]. Plaintiffs are entitled to documents like these, demonstrating [redacted]

[1] Ex. 1 to the Declaration of Lisa M. Kehoe in Support of Plaintiffs' Motion to Compel ("Kehoe Decl. Ex. "), at 1 (CIG SNYDER02012285) ([redacted]").

[redacted]—issues plainly relevant to this litigation. Plaintiffs' Request for Production No. 43 directly asks for "All Documents and Communications within the possession, custody or control of the members of Cigna's Board of Directors concerning PXDX."[2]

Cigna objects to searching for documents responsive to RFP No. 43 primarily on relevance and burden grounds. Cigna, however, cannot credibly deny that the documents Plaintiffs seek are relevant, when its own documents establish that [redacted]. Cigna has also failed to substantiate its burden objection. It has yet to provide an affidavit, declaration, or estimate of cost, time, or volume to collect, review, and produce responsive documents. Instead, Cigna relies on the volume of materials purportedly already reviewed, while refusing to search identified custodial files or any additional sources of potentially responsive information. Reviewing an incomplete collection does not cure the deficiencies with Cigna's response.

Thus, despite extensive discussions between the parties over the previous seven months, and Plaintiffs' concessions to significantly narrow the request, the parties have reached an impasse, and Plaintiffs now seek the Court's assistance in resolving this dispute.

## II. BACKGROUND FACTS RELEVANT TO THE MOTION

Cigna objects to RFP No. 43 insofar as it "purports to require Cigna to conduct a custodial review of Board members' documents or seeks documents beyond those generated at or for Board meetings."[3] In response to RFP No. 43, Cigna has only searched a single set of manually collected "Board materials," which Cigna has unilaterally defined to include only Board meeting minutes,

[2] Kehoe Decl. Ex. 2, at RFP 43 (Plaintiffs' Second Set of Requests for the Production of Documents ("Plaintiffs' Second Set of RFPs"), dated February 24, 2026).

[3] Kehoe Decl. Ex. 3, at 11 (Cigna's Responses and Objections to Plaintiffs' Second Set of RFPs ("Cigna's R&Os"), dated March 26, 2026). Cigna has objected on numerous other grounds, as articulated in Cigna's R&Os.

materials prepared for the Board, and material updates sent to the Board.[4] That search purportedly resulted in the identification of eleven responsive documents, all of which Cigna logged as privileged. Cigna refuses to search beyond its self-imposed limitations, although RFP No. 43 expressly reaches other information including any documents or communications that demonstrate, for example, what Board members knew about PXDX, when they knew it, and how they addressed PXDX both on an ongoing basis and in connection with the governmental investigations.

The record, albeit limited, patently demonstrates why searches broader than what Cigna has done are necessary and appropriate. Cigna included no members of the Board of Directors or the Executive Leadership Team ("ELT") (which Cigna's Chairman headed)[5] as document custodians in its initial technology assisted review ("TAR"). Yet, documents produced from the files of other custodians reveal that [redacted]. Those communications bear directly on Board notice, knowledge, and oversight of the same PXDX process that the [redacted]

For instance, [redacted]

[4] Kehoe Decl. Ex. 4 (Apr. 23, 2026, email from Cindy Ham).

[5] Kehoe Decl. Ex. 1 (CIG_SNYDER002012285).

[6] Kehoe Decl. Ex. 5, at 942 (CIG_SNYDER02114003, CIG_SNYDER01560942, and CIG_SNYDER01560944).

[redacted].[7] The Board has [redacted].[8] The relevance of these documents is obvious, and Cigna must be required to search for and produce similar materials.

Discovery has also revealed [redacted]. As a matter of company policy, [redacted]. Indeed, PXDX allowed Cigna to save hundreds of millions of dollars by avoiding the costs involved with a proper claims review process and avoiding the payment of claims denied through PXDX to which Cigna would have otherwise been responsible.[9] Board involvement with PXDX is also evident in the wake of the ProPublica article exposing PXDX and the launch of the various governmental investigations. [redacted].[10] That information concerned, for example, [redacted]

[7] *Id.*

[8] Kehoe Decl. Ex. 7, at 494 (CIG_SNYDER00205494 and CIG_SNYDER02108194). *See also* Kehoe Decl. Ex. 6 (CIG_SNYDER00205473 and CIG_SNYDER00205475).

[9] Kehoe Decl. Ex. 9, at 388:25-393:3 (10/14/26 Hankoff 30(b)(6) Dep.).

[10] Cigna's privilege log produced on October 16, 2026 indicates that the Audit Committee met seven times in 2023 and 2024 where materials regarding litigation and regulatory investigations involving PXDX were presented.

[11] "EIU" means experimental, investigational, and unproven.

[redacted].[12]

None of those documents were or could have been discovered based on Cigna's search and collection efforts for RFP No. 43, and its self-imposed limitations to "Board materials." Accordingly, Plaintiffs request the Court order Cigna to: (i) add Board members David Cordani[13] (as well as his personal and executive assistants), Roman Martinez IV, and Dr. Jane E. Henney as document custodians and search for and produce documents and communications responsive to Plaintiffs' document requests from January 2011 to the present;[14] (ii) produce the policies, agreements, or practices governing Board members' possession of Cigna records, any preservation instructions issued to those Board members' generally, and in this litigation specifically; (iii) identify any and all repositories or other sources of information that may contain materials responsive to RFP No. 43, including those that reach beyond formal "Board materials"; and (iv) conduct reasonable and appropriate searches of those identified sources, including the "mailbox for direct communications to the Board from external sources," based on search parameters that are mutually agreeable to the parties.[15]

## III. PROCEDURAL HISTORY

RFP No. 43 requests: "All Documents and Communications within the possession, custody

[12] Kehoe Decl. Ex. 10 (CIG_SNYDER01725984); Kehoe Decl. Ex. 11 (CIG_SNYDER00094554); Kehoe Decl. Ex. 12 (CIG_SNYDER00086521), Kehoe Decl. Ex. 13 (CIG_SNYDER01728092).

[13] Plaintiffs have noticed the deposition of David Cordani, and Cigna has moved for a Protective Order. *See* Dkt. No. 123. Plaintiffs responded to that Motion on October 21, 2026. *See* Dkt. Nos. 126, 128.

[14] Plaintiffs remain willing to negotiate a targeted set of search terms for these custodial collections outside of TAR.

[15] Given Cigna's previous failure to search any and all Board repositories for responsive information, Plaintiffs request that Cigna be required to meet and confer with Plaintiffs to establish appropriate search parameters and/or search terms for the Board repositories.

or control of the members of Cigna's Board of Directors concerning PXDX, including but not limited to any information that was presented to, reviewed by, considered by, discussed at, or generated in connection with any meeting of the Board of Directors of Cigna that related to PXDX."[16] In response, Cigna lodged a series of boiler-plate objections, including that the RFP is "overly broad, unduly burdensome, seeking irrelevant information and not proportional to the needs of the case" because it seeks information not "relevant to the claims or defenses," and to the extent it would "require Cigna to conduct a custodial review of Board members' documents or seeks documents beyond those generated at or for Board meetings."[17] Cigna also objected that the terms "concerning PXDX" and "related to PXDX" are "ambiguous, vague, and indefinite[.]"[18]

On April 8, 2026, Plaintiffs met and conferred with Cigna regarding these objections and explained that documents Cigna produced showed that [redacted], and thus, they should be added as document custodians. During the call, Cigna objected to the RFP in part because Cigna employed TAR, and thus, it was somehow too late in the discovery process to add custodians. On April 14, 2026, Cigna rejected Plaintiffs' request to add custodians as "overbroad and unduly burdensome, particularly given how late in discovery this request was served" and stated, regarding the requested Board materials, "that there are no non-privileged documents that pre-date filing of the various PxDx-related litigations that contain responsive information." [19]

Plaintiffs responded on April 17, 2026, that Cigna's use of its TAR process as a shield to follow up on discovery was inappropriate and that its related untimeliness objection was meritless

[16] Kehoe Decl. Ex. 2, at 8, RFP No. 43 (Plaintiffs' Second Set of RFPs).

[17] Kehoe Decl. Ex. 3, at 11, RFP No. 43 (Cigna's R&Os).

[18] *Id.*

[19] Kehoe Decl. Ex. 4 (Apr. 14, 2026, email from Cindy Ham).

given that Plaintiffs had yet to take any depositions, Cigna's document production was ongoing at that time, and Cigna had collected and produced documents outside of TAR throughout this litigation.[20] Plaintiffs explained that Cigna's burden objection was unsupported with an affidavit detailing costs, time, and volume, as required, and thus, was inappropriate, and further explained that the RFP "seeks specific, readily identifiable records that do not require complex search terms[.]" [21] Plaintiffs also asked for clarification regarding what "Board materials" were privileged.[22] In the interest of compromise, Plaintiffs offered to limit the request to no more than five of Cigna's Board members of Plaintiffs' choosing.[23]

Cigna responded on April 23, 2026, informing Plaintiffs that it defined "Board materials" for purposes of this request as "Board meeting minutes, materials prepared for the Board or Board committee meetings, and material updates sent to the Board or Board committees outside of the normal meetings[,]" and that it was standing on all of its objections to RFP No. 43.[24] To be sure, Plaintiffs never agreed to this overly narrow definition. Cigna reiterated this position in formal correspondence on July 6, 2026.[25] It asserted that "there are no non-privileged Board materials … that contain responsive information, so there is no basis for Plaintiffs to argue that Board members should be added as TAR custodians" [26] At the time, this was a demonstrably false statement as Cigna had already produced responsive, non-privileged director correspondence relating to PXDX.

[20] Kehoe Decl. Ex. 4 (Apr. 17, 2026, email from Zach Bower).

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] Kehoe Decl. Ex. 4 (Apr. 23, 2026, email from Cindy Ham).

[25] Kehoe Decl. Ex. 14 (July 6, 2026, letter from Richard Nicholson).

[26] *Id.* at 3.

On August 3, 2026, Cigna informed Plaintiffs that its search of "Board materials" in a single location uncovered 11 responsive documents dated after August 1, 2023.[27] On August 6, 2026, Plaintiffs again explained the scope of RFP No. 43, and that responsive documents are not confined to formal presentations, minutes, and meeting packets, but include, for example, communications to and from Board members, correspondence and documents the Board receives, and internal follow-up that a Board member's question may generate. Plaintiffs explained that Cigna's position on the RFP is undermined by documents Cigna already produced that establish "responsive, nonprivileged materials were provided to and circulated among Board members but have not been produced."[28] Plaintiffs requested that Cigna reconsider its position and suggested limiting the document custodians to three directors: David Cordani, Roman Martinez IV, and Dr. Jane E. Henney.[29]

Cigna rejected that proposal on August 20, 2026, stating that "Plaintiffs' requests to add Mr. Cordani, Mr. Martinez, and Dr. Henney as custodians are a non-starter," and that Plaintiffs "failed to establish any factual basis for such a burdensome request[.]"[30] Cigna also asserted, seemingly again referring to its unilaterally imposed definition of "Board materials," that "the only documents that reference PxDx were created after this lawsuit was filed."[31]

The parties met again on August 27, 2026, when Plaintiffs renewed the custodian request and asked Cigna to confirm the particulars of its limited search. Plaintiffs reiterated those requests in email correspondence on August 28, 2026, again pointing out that Cigna's unilateral limitation

[27] Kehoe Decl. Ex. 15 (Aug. 3, 2026, email from Cindy Ham).

[28] Kehoe Decl. Ex. 15 (Aug. 6, 2026, email from Michael Innes).

[29] *Id.*

[30] Kehoe Decl. Ex. 15 (Aug. 20, 2026, email from Cindy Ham).

[31] *Id.*

of RFP No. 43 to "Board materials" was improper, and again identifying relevant documents that would not have been found based on Cigna's self-imposed search criteria limitations.[32]

Discussions continued through late September and early October. On September 18, 2026, Cigna indicated that, with respect to the correspondence from Roman Martinez IV, it had identified "a handful of emails … that complete the chain and provide more context" and that it would be producing those documents.[33] Plaintiffs thereafter asked Cigna for the reasons why those documents had not been "identified and produced earlier" and asked Cigna to "identify the additional source(s) from which they were collected." Cigna did not provide a response.[34] Cigna also mentioned *for the first time* on September 18, 2026, that it maintains a mailbox for direct communications to the Board from external sources, [redacted] referenced in Kehoe Decl. Ex. 16, and that communications from this mailbox were logged and summarized for each quarter for the Board to review. As a compromise, Cigna offered to collect and review those logs to see if they reference [redacted], and if so, would produce the logs with those communications.[35]

Plaintiffs rejected as inadequate Cigna's belated offer to search the identified repository "as a compromise" to resolve the broader dispute—explaining that the "repository should already have been identified and searched."[36] Plaintiffs also requested that Cigna "produce the complete quarterly Board-communications logs, not merely those entries it might unilaterally determine concern PxDx[,]" and provide Plaintiffs with the ability to "identify the specific underlying

[32] Kehoe Decl. Ex. 16 (Aug. 28, 2026, email from Michael Innes).
[33] Kehoe Decl. Ex. 16 (Sep. 18, 2026, email from Richard Nicholson).
[34] Kehoe Decl. Ex. 16 (Sep. 22, 2026, email from Michael Innes).
[35] Kehoe Decl. Ex. 16 (Sep. 18, 2026, email from Richard Nicholson).
[36] Kehoe Decl. Ex. 16 (Sep 22, 2026, email from Michael Innes

communications they seek."[37]

On September 18, 2026, Cigna expressed a fundamental misunderstanding of Plaintiffs' claims that invariably distorted its responsiveness review. Specifically, Cigna asserted that the identified [redacted] was irrelevant because it concerned "[redacted]"[38] Cigna reasoned that Plaintiffs had not challenged those policies "on the medicine" and had repeatedly stated that "the medical necessity of procedures that were denied through PxDx is irrelevant."[39] That reasoning conflates Plaintiffs' challenge to the PXDX process with the evidence relevant to Cigna's defense of that process. Cigna cannot rely on coverage policies and medical literature to justify PXDX while treating documents questioning those justifications as irrelevant.

On September 22, 2026, Plaintiffs informed Cigna that this relevance objection "casts serious doubt on the criteria it used to identify responsive documents," and asked Cigna to identify those criteria, "including whether Cigna required an express reference to PxDx."[40] Plaintiffs continued: "Unless Cigna is abandoning its reliance on coverage policies and medical literature as a defense, it should promptly conduct a supplemental review that includes Board-level communications concerning those policies, their medical support, and services denied through PxDx—even where the communications do not expressly refer to PxDx."[41]

Plaintiffs also addressed Cigna's assertion that it "does not have access to [the Board

---

[37] Kehoe Decl. Ex. 16 (Sep 22, 2026, email from Michael Innes).

[38] Kehoe Decl. Ex. 16 (Sep. 18, 2026, email from Richard Nicholson).

[39] *Id.*

[40] Kehoe Decl. Ex. 16 (Sep. 22, 2026, email from Michael Innes).

[41] *Id.*

members'] email accounts, as they are the former Board member's own email accounts,"[42] explaining that this raises preservation concerns and does not bear on a proportionality objection. They asked Cigna to confirm whether custodial email accounts exist for the identified Board members and again proposed limited search terms.[43] To assess Cigna's claimed lack of access, Plaintiffs also requested the policies, agreements, or practices governing Board members' possession of Cigna business records; the preservation instructions issued to them generally and in this litigation; and confirmation of whether Cigna had asked them to search for or authorize collection of responsive communications.[44]

On October 13, 2026, Cigna stated that it would provide no further information, perform no additional searches, or produce no additional documents in response to RFP No. 43. The parties are, therefore, at an impasse.[45] This Motion follows.

## IV. LEGAL STANDARD

The scope of permissible discovery is quite broad. *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 167 (D. Conn. 2005) (citing *Marchello v. Chase Manhattan Auto Fin. Corp.*, 219 F.R.D. 217, 218 (D. Conn. 2004)). Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevance and proportionality are "'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 49 (E.D.N.Y. 2018) (citation omitted).

---

[42] Kehoe Decl. Ex. 16 (Sep. 18, 2026, email from Richard Nicholson).

[43] *Id.*

[44] *Id.*

[45] Kehoe Decl. Ex. 16 (Oct. 13, 2026, email from Richard Nicholson).

Board materials, communications, and other documents enjoy no categorical protection from discovery and, like all other documents, are subject only to Rule 26(b)(1)'s requirements of relevance, proportionality, and absence of privilege. Courts in this Circuit order production of multi-year sets of board minutes, reports, and presentations where those materials bear on the claims at issue. *See Lyondell-Citgo Refin., LP v. Petroleos De Venezuela, S.A.*, 2004 WL 2698218, at *1 (S.D.N.Y. Nov. 19, 2004); *Lyondell-Citgo Refin., LP v. Petroleos De Venezuela, S.A.*, 2005 WL 356808, at *1 (S.D.N.Y. Feb. 15, 2005). Nor must a court accept a producing party's own judgment about what within its board materials is responsive. In *Lyondell-Citgo*, the court ordered production of five years of board minutes, reports, and presentations and gave the requesting party the "unusual opportunity" to search them directly, because the court "could no longer rely on [the producing party] or its counsel to search those board minutes." 2004 WL 2698218, at *1.

And, the objecting party "bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, [the request] is not relevant or how [the request] is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *Ruran*, 226 F.R.D. at 167; *Marsteller v. Butterfield 8 Stamford LLC*, 2017 WL 5769903, at *2 (D. Conn. Nov. 27, 2017) (quoting *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009)) ("The party resisting discovery bears the burden of showing why discovery should be denied.").

## V. ARGUMENT

### A. Board Documents Responsive to Plaintiffs' Document Requests Are Relevant to the Claims and Defenses in This Action

This case concerns Cigna's use of PXDX to deny claims as "not medically necessary" or "experimental, investigational, unproven" through automated billing-code matching, without reviewing medical records or evaluating patients' clinical circumstances. What Cigna's Board or

any individual director knew about that process, when and how he or she came to know it, and what he or she said or did in response bear on Cigna's knowledge of how PXDX operated and on the Board and company's oversight of it. Documents reflecting those subjects are relevant to the parties' claims and defenses and are therefore discoverable. Fed. R. Civ. P. 26(b)(1).

Cigna's primary objection to RFP No. 43—namely, that it seeks "information [not] relevant to the claims or defenses in this action"[46]—is farcical. Cigna's own documents confirm its relevance. For instance, Kehoe Decl. Ex. 5 is an email from a sitting Board member, in his capacity as a Board member, to two fellow Board members [redacted][47] Kehoe Decl. Ex. 7 identifies [redacted].[48] Even within Cigna's self-imposed limits on the scope and sources of its search, discovery yielded documents directly implicating the Board in PXDX—the very engagement RFP No. 43 seeks. Those documents contradict Cigna's stated reasons for withholding Board materials and refusing to search Board members' email accounts and demonstrate that relevant Board communications are not confined to formal Board meetings.

The relevancy of the requested documents is also exemplified by documents showing that [redacted]. Those data points and those meetings resulted in a directive [redacted]

[46] Kehoe Decl. Ex. 3, at 11, RFP No. 43 (Cigna's R&Os).

[47] Kehoe Decl. Ex. 5, at 942 (CIG_SNYDER02114003, CIG_SNYDER01560942, and CIG_SNYDER01560944).

[48] Kehoe Decl. Ex. 7, at 494 (CIG_SNYDER00205494 and CIG_SNYDER02108194).

[redacted].[50] This occurred while Cigna was actively [redacted].[51]

Accordingly, there can be no doubt that the requested discovery is relevant.

### B. Cigna's Search Was Unreasonable Because It Reached Only Formal Board Materials

Cigna's response to RFP No. 43 is limited to a review (not production) of 960 documents reflecting "Board materials" that Cigna's Office of the Corporate Secretary self-collected expressly for this exercise. During the parties' August 27, 2026 meet and confer, Cigna's counsel confirmed that this set comprises the presentations, meeting minutes, and other materials for every Board meeting from 2010 through 2025. Cigna refuses to do anything further, even though the only search it conducted was inadequate.

First and foremost, Cigna improperly limited its search to one non-custodial source of information even though RFP No. 43 is not confined to materials generated in connection with formal Board meetings. It reaches any documents and communications responsive to Plaintiffs' document requests that are "within the possession, custody or control of the members of Cigna's Board of Directors."[52] On its face, therefore, it includes PXDX-related communications to or from individual Board members like the documents identified herein. Cigna's objection to the request "to the extent it purports to require Cigna to conduct a custodial review of Board members'

---

[49] Kehoe Decl. Ex. 8, at 234 (CIG_SNYDER01572232).

[50] Kehoe Decl. Ex. 17, at 367 (CIG_SNYDER01359853).

[51] Kehoe Decl. Ex. 1 (CIG_SNYDER02012285).

[52] Kehoe Decl. Ex. 2, at 8, RFP No. 43 (Plaintiffs' Second Set of RFPs).

documents or seeks documents beyond those generated at or for Board meetings"[53] is improper. Cigna may not answer Plaintiffs' RFPs by rewriting a request to reach only what Cigna prefers to search. Kehoe Decl. Ex. 5 shows the consequence. That document is responsive, non-privileged, and Board-level. It is not a presentation, a set of minutes, or a meeting packet. A review confined to formal "Board materials" could not have found it, and in fact did not find it.

Secondly, Cigna's late identification of another repository of potentially responsive information—a mailbox for direct communications to the Board from external sources—further demonstrates the inadequacy of Cigna's collection and production procedures. That repository should already have been identified and searched for any material relating to PXDX, not offered as a compromise in a discovery dispute. *See Lyondell-Citgo*, 2004 WL 2698218, at *1 (ordering production of five years of board materials and giving the requesting party the "unusual opportunity" to search them directly, because the court "could no longer rely on [the producing party] or its counsel to search those board minutes").

The consequence of leaving Cigna's collection and inspection efforts undisturbed is concrete. Plaintiffs were, and are, hampered in their ability to question witnesses about Board involvement in PXDX, about the particulars of the complaints the Board received and the responses thereto, about any changes made to PXDX as a result of those complaints, or about any changes made to PXDX based on Board members' collective or individual decisions. Cigna has never searched directly for those documents. And without an order compelling Cigna to do so, it never will. *See Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) (granting motion to compel to afford the moving party "the opportunity to find evidence that might support" its claims).

---

[53] Kehoe Decl. Ex. 3, at 11, RFP No. 43 (Cigna's R&Os).

Finally, like Cigna's other arguments, its assertion that "the only documents that reference PXDX were created after this lawsuit was filed,"[54] is not correct. Many of the documents cited in this memorandum were created before this lawsuit was filed. In any event, Cigna's suggestion that its discovery obligations are somehow limited to a search for documents created prior to the complaint filing is incorrect. Cigna in fact is required to do so in light of their continuing discovery obligations. *See Au New Haven, LLC v. YKK Corp.*, 2023 WL 2612204, at *12 (S.D.N.Y. Mar. 23, 2023) ("[I]t has been clearly established for a long time that Rule 26(e) imposes a continuing obligation to produce later-created documents."). This is particularly true here, where developments relating to the subject matter of this case have continued to unfold well past the filing of the complaint. The DOL investigation and subsequent findings, as well as the internal PXDX process changes, are two such examples, and implicate the types of documents that RFP No. 43 seeks.

### C. Cigna Can Not Carry Its Burden of Establishing Burden or Disproportionality

Cigna calls RFP No. 43 a "burdensome request," but it has offered nothing to substantiate the label. It has not provided Plaintiffs with an affidavit or declaration, or otherwise identified the cost, time, or volume of the documents at issue, or the systems to be searched. A party resisting discovery on this ground must support its objection "by submitting affidavits or offering evidence revealing the nature of the burden." *Ruran*, 226 F.R.D. at 167. Boilerplate will not serve; the resisting party may not "simply intone [the] familiar litany that the [requests] are burdensome, oppressive or overly broad." *Id.* Moreover, the request as written is cabined to Board members' documents and communications regarding PXDX, which according to Cigna, are limited. Further

[54] Kehoe Decl. Ex. 15 (Aug. 20, 2026, email from Cindy Ham).

casting doubt on the sincerity of Cigna's burden objections, Plaintiffs have repeatedly offered to limit the custodial request to three directors and to craft a limited set of search terms, but Cigna has not taken Plaintiffs up on those offers.

Cigna has also asserted that the request is not proportionate. That is unfounded. Relevance and proportionality move together: "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *N. Shore-Long Island Jewish Health Sys.*, 325 F.R.D. at 49. There can be no doubt that the requested discovery—Board discussions of the automatic denial systems—is highly relevant, as Plaintiffs demonstrate throughout this brief.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel and order Cigna to:

(i) add Board members David Cordani[55] (as well as his personal and executive assistants), Roman Martinez IV, and Dr. Jane E. Henney as document custodians and search for and produce documents and communications responsive to Plaintiffs' document requests from January 2011 to the present;[56]

(ii) produce the policies, agreements, or practices governing Board members' possession of Cigna records, any preservation instructions issued to those Board members' generally, and in this litigation specifically;

(iii) identify any and all repositories or other sources of information that may contain materials responsive to RFP No. 43, including those that reach beyond formal

[55] Plaintiffs have noticed the deposition of David Cordani, and Cigna has moved for a Protective Order. *See* Dkt. No. 123. Plaintiffs responded to that Motion on October 21, 2026. *See* Dkt. Nos. 126, 128.

[56] Plaintiffs remain willing to negotiate a targeted set of search terms for these custodial collections outside of TAR.

"Board materials"; and

(iv) conduct reasonable and appropriate searches of those identified sources, including the "mailbox for direct communications to the Board from external sources," based on search parameters that are mutually agreeable to the parties.[57]

DATED: October 29, 2026

*/s/ Lisa M. Kehoe*
Joseph H. Meltzer*
jmeltzer@ktmc.com
Lisa M. Kehoe*
lkehoe@ktmc.com
Kye Kyung Park*
apark@ktmc.com
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Erin Green Comite (CT 24886)
Anja Rusi (CT 30686)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, Connecticut 06415
Tel. (860) 537-5537
ecomite@scott-scott.com
arusi@scott-scott.com

Joseph P. Guglielmo (CT 27481)
Amanda M. Rolon*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

[57] Given Cigna's previous failure to search any and all Board repositories for responsive information, Plaintiffs request that Cigna be required to meet and confer with Plaintiffs to establish appropriate search parameters and/or search terms for the Board repositories.

Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
arolon@scott-scott.com

James E. Cecchi*
Michael A. Innes**
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel.: (973) 994-1700
jcecchi@carellabyrne.com
minnes@carellabyrne.com

Zachary S. Bower*
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
2222 Ponce De Leon Blvd.
Miami, Florida 33134
Tel.: (973) 994-1700
zbower@carellabyrne.com

*Admitted *pro hac vice*
***Pro hac vice* forthcoming

*Counsel for Plaintiffs and the Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I caused a true and correct copy of the foregoing document to be served electronically on counsel for all parties.

*/s/ Lisa M. Kehoe*
Lisa M. Kehoe